IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID W. HUGHES,

   Plaintiff,

    v.

LUMPKIN COUNTY, GEORGIA,

   Defendant.

CIVIL ACTION FILE
NO. 1:09-CV-339-TWT

ORDER

This is an employment discrimination case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 25], which is DENIED.

I. Introduction

In November 2005, David Hughes applied for a building inspector position with Lumpkin County. He was 72 years old. The standardized application was four pages long. In the "Work History" section, Hughes said that he had worked over fifty years in the construction industry and was certified as a plumbing inspector. The final question asked applicants to provide any "additional information pertinent to [their] education, training, and experience." In response, Hughes typed "See Attached" and attached a one page description of his additional qualifications.

Timothy Schick, the County Planning Director, interviewed five of the twenty applicants. He did not interview Hughes. According to Schick, he did not see the attachment to Hughes' application and therefore did not think Hughes was qualified to serve as a building inspector. Ultimately, Schick hired William Black, who had significantly less experience than Hughes.

Hughes filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 13, 2005, alleging age discrimination. In July 2008, the EEOC found that the County's explanation for denying Hughes an interview was not believable and was a pretext for discrimination. The following February, Hughes filed this lawsuit. The County now moves for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

A claim of age discrimination based on circumstantial evidence is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).   Under that framework, Hughes must first establish a prima facie case of discrimination.  To do so, he must show that he "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual."  Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). If Hughes establishes a prima facie case, the burden shifts to Lumpkin County to show a legitimate nondiscrimatory reason for its action.  If the County meets that burden, Hughes must show that the proffered reason was pretextual and that the real reason for its action was discrimination.  He may do so "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996).

The parties seem to agree that Hughes has established a prima facie case and that Lumpkin County has offered a nondiscriminatory explanation for its action. The disputed issue is whether the County's explanation is pretextual. Hughes says that a reasonable jury could find that it is for at least three reasons. First, two other applicants who received interviews used attachments or non-standardized applications, which suggests that Schick reviewed other documents as well as the standardized applications. (See Def.'s Mot. for Summ. J., Ex. D.) Second, Hughes' certification and work history were included in the four-page standardized application that Schick admittedly reviewed. (See Def.'s Mot. for Summ. J., Ex. B.) According to Hughes, these qualifications alone show that he was as qualified or more qualified than other applicants who received interviews. Third, the standardized application referred the reader to the attachment, making it less likely that the attachment was inadvertently overlooked. (Id.) The Court agrees. Based on this evidence, a reasonable jury could conclude, as the EEOC did, that "the employer's proffered explanation is unworthy of credence." Therefore, summary judgment is inappropriate.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 25] is DENIED.

SO ORDERED, this 8 day of July, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge